IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Breyan,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Mary Gordon Baker and Bruce Howe Hendricks,<br><br>　　　　　　　Defendants. | C/A No.: 1:24-cv-5485-SAL<br><br>**ORDER** |

　　　This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) ("Report"). [ECF No. 9.] In the Report, the magistrate judge recommends summarily dismissing this matter with prejudice because Defendants are entitled to immunity and because Plaintiff's claims would ultimately fail if he was permitted to amend his complaint. *Id.* at 3–4. Included with the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report. *Id.* at 5. On October 18, 2024, Plaintiff filed objections. [ECF No. 13.] Also pending before this court is Plaintiff's motion for preliminary injunctive relief. [ECF No. 15.] This matter is ripe for review.

**BACKGROUND AND PROCEDURAL HISTORY**

　　　The Report outlines the relevant facts and standards of law. [ECF No. 9 at 1–3.] This court incorporates those facts and standards in this order. To summarize, Defendants—United States Magistrate Judge Mary Gordon Baker and United States District Judge Bruce Howe Hendricks—have been assigned to numerous cases filed by Plaintiff in this court. And now he seeks to challenge decisions made in those cases. [ECF No. 1 at 6; *see also* ECF No. 9 at 1–2.]

1

The magistrate judge recommends this court summarily dismiss this complaint as both Defendants are entitled to judicial immunity. [ECF No. 9 at 3.] And the magistrate judge recommends the dismissal be with prejudice since, even if Plaintiff was permitted to amend his complaint, his claims would fail. *Id.* at 4 n.1.

Plaintiff objects to the Report. [ECF No. 13.]

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The magistrate judge recommends summary dismissal of this action based on judicial immunity. The court agrees Defendants are immune from this suit. Judges have immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). But more than that, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles*, 502 U.S. at 11 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). For that reason, "judicial immunity is not overcome by allegations of bad faith or malice . . . ." *Id.* (citing *Pierson v. Roy*, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly . . . .")). Plaintiff's claims against Defendants relate solely to their judicial actions. Thus, they are entitled to immunity.

In his objections, Plaintiff argues that under 18 U.S.C. § 241, Defendants should be fined for violating his constitutional rights. [ECF No. 13.] But that statute imposes fines on persons who conspire to threaten or oppress any person in the free exercise or enjoyment of rights and privileges secured under the Constitution. 18 U.S.C. § 241. It is a criminal statute. And it ultimately has no application here, nor does it affect judicial immunity.

Plaintiff argues Defendants must rebut his points with affidavits to "overcome sovereign immunity" and that Defendants have no proof of absolute immunity. [ECF No. 13.] He is incorrect. As explained in the Report, Plaintiff complains of Defendants' judicial actions, so they are entitled to immunity and no affidavits or other proof is required.

Plaintiff also references his Seventh Amendment rights and claims there are "other cases in common" with his case. *Id.* Plaintiff does not identify these cases, and the court is unaware of any case law that affects the application of judicial immunity.

Plaintiff has also filed a Motion for Preliminary Injunctive Relief. [ECF No. 15.] Because this matter is subject to summary dismissal, the court denies this motion.

## CONCLUSION

For the reasons set forth above, the Report, ECF No. 9, is adopted and incorporated. As a result, this action is **SUMMARILY DISMISSED** with prejudice and without issuance and service of process. Plaintiff's Motion for Preliminary Injunctive Relief, ECF No. 15, is **DENIED**.

**IT IS SO ORDERED.**

June 30, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge